UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EUGENE MARTIN LAVERGNE, *et al.*,

*Plaintiffs*,

v.

UNITED STATES HOUSE OF REPRESENTATIVES, *et al.*,

*Defendants*.

Civil Action No. 17-0793-CKK-CP-RDM

**REPLY IN SUPPORT OF**
**THE FEDERAL DEFENDANTS' MOTION TO DISMISS**

Plaintiffs' opposition brief largely fails to address the points and authorities set forth in the Federal Defendants' motion to dismiss. As that motion showed, Plaintiffs lack standing, their Article the First Claims are nonjusticiable, and all of their claims clearly lack merit. Further, Plaintiffs have voluntarily withdrawn all their claims against the Congressional defendants. For these reasons and the reasons set forth below, this case should be dismissed in its entirety.

**I. Plaintiffs Lack Article III Standing.**

Plaintiffs lack standing with respect to all of their claims because they allege only institutional injuries and cannot show that the remedies they seek would redress their alleged harms. Fed. Defs.' Brief at 11–14. Plaintiffs' opposition fails to address these issues and instead asserts that Plaintiffs have standing for the following three reasons: (1) because they alleged that "the apportionment in question dilutes their individual votes," Pls.' Brief at 3; (2) because the Supreme Court has recognized that voters have standing to raise apportionment challenges, *id.* at 8–12; and (3) because 28 U.S.C. § 2248 requires three-judge panels to hear apportionment cases, *id.* at 12–14. These arguments do not satisfy Plaintiffs' burden to demonstrate standing. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

As to the first point, Plaintiffs have not explained in any detail how their individual votes are impacted by the current apportionment of the House of Representatives, nor do they cite any allegations in their pleadings to support their conclusory assertion of vote dilution. In fact, their pleadings support no such injury. With respect to their Article the First claims, Plaintiffs did not allege that apportionment pursuant to Article the First would increase the relative impact of their votes; instead, they claimed that they had been injured by certain acts of the 114th Congress, which claim to have been unlawfully convened. *See* Am. Compl. at 67 ¶ I (alleging injury from the election of Paul Ryan as Speaker), 71 ¶ 10 (alleging injury from the disapproval of a broadband privacy regulation). The Federal Defendants showed that those injuries fail to establish standing, Fed. Defs.' Brief at 13, and Plaintiffs have declined to respond. With respect to the other apportionment claims, Plaintiff Neumann alleged only that the current method of apportioning the House results in Texas being allocated a representative that would otherwise have gone to either New Jersey or Louisiana. 2d Am. Compl. ¶ 5 at 8. As the Federal Defendants noted, however, Mr. Neumann does not explain how this alleged harm would be redressed by his proposed remedy. Fed. Defs.' Brief at 13–14. Neumann declines to address that argument and has therefore not met his burden to demonstrate standing.

Plaintiffs' second argument is simply that the Supreme Court found there to be standing in other apportionment cases. Pls.' Brief at 8–12. This is too cursory an approach. The cases cited by Plaintiffs do not hold that *any* plaintiff has standing to bring *any* apportionment challenge. In fact, in *Department of Commerce v. Montana*, upon which Plaintiffs chiefly rely, the Supreme Court did not address the question of standing at all. *See* 503 U.S. 442 (1992). Further, as Defendants explained in their opening brief, this case is distinguishable from *Department of Commerce v. U.S. House of Representatives*, upon which Plaintiffs' also rely, because the plaintiffs in that case, unlike

the Plaintiffs here, presented specific evidence that their states would obtain additional House seats if their method of apportionment were employed. Fed. Defs.' Brief at 14 (citing 525 U.S. 316 (1999)). Plaintiffs here have not done so and have therefore failed to satisfy their burden. *See Summers*, 555 U.S. at 493.

Finally, Plaintiffs argue that this Court may decide their apportionment challenge because Congress enacted 28 U.S.C. § 2284 to allow such challenges to be heard by a three-judge panel. Pls.' Brief at 12–14. The Federal Defendants' standing argument, however, derives from the case-or-controversy requirement of Article III of the Constitution. Fed. Defs.' Brief at 11–12. Section 2284 does not—and could not—override the constitutional requirement for standing.

## II.     Plaintiffs' Article the First Claim Is Nonjusticiable.

As shown in the Federal Defendants' opening brief, Plaintiffs' Article the First claim is a nonjusticiable political question under binding Supreme Court precedent holding that "the efficacy of ratifications by state legislatures . . . should be regarded as a political question pertaining to the political departments." Fed. Defs.' Brief at 14–15 (quoting *Coleman v. Miller*, 307 U.S. 433, 450 (1939) (quotation marks omitted)). Plaintiffs disagree, relying entirely on a memorandum by the Department of Justice, Office of Legal Counsel, which they say calls the holding of *Coleman* into question. Pls.' Brief at 4. While that memorandum notes some scholarly disagreement with certain aspects of the *Coleman* decision, OLC Memo, ECF No. 149-1 at 18 n.23, nothing therein suggests that the decision is not binding on district courts and courts of appeals. Indeed, *Coleman* has consistently been applied by lower courts to hold that the ratification of constitutional amendments presents a nonjusticiable political question. *See LaVergne v. Bryson*, 497 Fed. App'x 219, 222 (3d Cir. 2012); *United States v. McDonald*, 919 F.2d 146 (9th Cir. 1990); *United States v. Foster*, 789 F.2d 457, 463 n.6 (7th Cir. 1986); *Maryland Petition Comm. v. Johnson*, 265 F. Supp. 823, 826 (D.

Md. 1967), *aff'd*, 391 F.2d 933 (4th Cir. 1968). Plaintiffs present no instance in which a court has held otherwise. Thus, whether Plaintiffs agree with *Coleman* or not, it forecloses judicial review of their Article the First claims.

**III. Plaintiffs' Claims Lack Merit.**

Finally, Plaintiffs' claims clearly lack merit. Even were Plaintiffs able to bring their Article the First claims, they would fail because the Connecticut legislature did not ratify Article the First as a matter of historical fact and because the language of the unratified Article the First does not compel the remedy Plaintiffs seek. Fed. Defs.' Brief at 15–17. Plaintiffs do not respond the former argument other than to reassert the allegations in their complaint, and they do not respond to the second argument at all. So even were the Court possessed of jurisdiction to hear Plaintiffs' Article the First claims, they would be subject to dismissal.

As for Mr. Neumann's claims, he explicitly concedes that his nondelegation claim should be dismissed, Pls.' Brief at 23, [1] and does not dispute that *Montana* forecloses his one-person-one-vote claim in Count Eight. *See* Defs.' Brief at 20 (citing *Montana*, 503 U.S. at 463). Accordingly those claims too would be subject to dismissal, even if Mr. Neuman had standing to assert them.

**CONCLUSION**

For these reasons and the reasons in the Federal Defendants' opening brief, Plaintiffs' claims should be dismissed.

---

[1] Though Mr. Neuman contends that he brought a separate claim in Count Six alleging that the apportionment statute violates principles of "separation of powers," it is not clear how that claim is any different from his "nondelegation" claim in Count Seven. As the Federal Defendants have shown, the Supreme Court in *Montana* concluded that there was "no merit" to the suggestion that "the automatic character of the application of the method of equal proportions" was unconstitutional, noting that "the use of a procedure that is administered efficiently and that avoids partisan controversy supports the legitimacy of congressional action, rather than undermining it." Defs.' Brief at 18–19 (quoting 503 U.S. at 465). That holding defeats Mr. Neuman's indistinct Counts Six and Seven.

Dated: November 30, 2018

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar #991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for the Federal Defendants*