IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EUGENE MARTIN LAVERGNE, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES HOUSE OF ) <br> REPRESENTATIVES, et al., ) <br> ) <br> Defendants. ) | Case No. 1:17-cv-793-CKK-CP-RDM |

**REPLY MEMORANDUM SUPPORTING
STATE DEFENDANTS' MOTION TO DISMISS**

Plaintiffs have filed a response (ECF Dkt. 149) to the State Defendants' Motion to Dismiss (ECF Dkt. 144).[1] Plaintiffs "concede that at this point their claims against the state defendants, except for Kentucky, Connecticut, and Virginia, are not yet ripe. Accordingly, Plaintiffs concede this Court does not have subject matter jurisdiction to adjudicate this matter." (ECF Dkt. 149 at 1 (2 of 27)). Plaintiffs also withdraw their motions for a preliminary injunction and for summary judgment. *Id.* Given the withdrawal of these motions, the State Defendants will address them no further, and with Plaintiffs' concession regarding most of the State Defendants, the Court should grant the State Defendants' motion to dismiss as unopposed with respect to those State Defendants. Other grounds asserted by the State Defendants exist for dismissing the Connecticut, Kentucky, and Virginia Defendants, and these grounds apply equally to the other State Defendants. Although the Court only need address these other grounds for the Connecticut,

---

[1] This reply is submitted on behalf of all State Defendants who joined any of the following pleadings: Memorandum Supporting State Defendants' Motion to Dismiss (ECF Dkt. 145); Motion to Dismiss (ECF Dkt. 146); or Motion of Multi-State Defendants to Join State Defendants' Motion to Dismiss and Response to Preliminary Injunction (ECF Dkt. 147).

Kentucky, and Virginia Defendants, the State Defendants offer this reply in support of their motion to dismiss to explain why all State Defendants should be dismissed for the reasons discussed in the State Defendants' memorandum supporting the motion to dismiss (ECF Dkt. 145).

One jurisdictional reason for dismissal of *all* State Defendants, unaddressed by Plaintiffs in their response, is that this Court lacks personal jurisdiction over all State Defendants. As the State Defendants explained in their supporting memorandum, neither operative complaint suggests that any claim asserted against any State Defendant arose from an action taken by that State Defendant in the District of Columbia, or that there has been "continuous and systemic" contacts by that State Defendant with the District of Columbia. (ECF Dkt. 145 at 13-15). Plaintiffs have simply not established general or specific personal jurisdiction over any State Defendant, and thus all State Defendants should be dismissed from this lawsuit under Fed. R. Civ. P. 12(b)(2).

Because this Court lacks personal jurisdiction over the State Defendants, this Court need not address the subject matter jurisdiction arguments advanced by Plaintiffs—even though the State Defendants address them in this reply. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) (noting that "there is no unyielding jurisdictional hierarchy" and that a court may first inquire into personal jurisdiction). As for subject matter jurisdiction, in response to the State Defendants' explanation of why Plaintiffs lack Article III standing, (*see* ECF Dkt. 145 at 6-9), Plaintiffs contend that they have sufficiently alleged that their individual votes are being diluted (ECF Dkt. 149 at 3 (4 of 27)). Plaintiffs go on to state that "[t]he vote each plaintiff has is individual and personal." (ECF Dkt. 149 at 14 (15 of 27)). Plaintiffs have not, however, alleged a particularized, personal injury. As the State Defendants explained in their supporting

2

memorandum, if Plaintiffs "were correct that Article the First was actually ratified, the result would be a proportionate increase in Congressional membership across the country. It would not affect them in any particularized way." (ECF Dkt. 145 at 6). Even if Plaintiffs' claim depended on the application of any particular mathematical formula for apportioning Congressional positions to the States,[2] the application of any such formula would depend on the nature of that mathematical method and the results of the applicable census. Such a speculative claim would not meet the injury-in-fact requirement of Article III standing. *Raines v. Byrd*, 521 U.S. 811, 821 (1997).

Plaintiffs' concession that this case is not yet ripe should have extended to Connecticut, Kentucky, and Virginia. As the State Defendants explained in their supporting memorandum, the suit is too early for any State Defendant, even the Connecticut, Kentucky, and Virginia Defendants, because the State Defendants are bound by the current apportionment statute, 2 U.S.C. § 2b. Absent some instruction from the Court, these State Defendants are precluded from attempting any remedy to Plaintiffs' alleged injury, and there is no indication that the State Defendants would refuse to perform any Constitutionally required duty if the Court declares Article the First to have been duly ratified. (ECF Dkt. 145 at 8). Plaintiffs have not alleged any injury caused by the State Defendants that is "certainly impending." *Id.* (*citing Wyo. Outdoor Council. v. U.S. Forest Serv.* 165 F3.d 43, 48 (D.C. Cir. 1999)).

Another problem prevents this Court from having subject matter jurisdiction, as the State Defendants explained in their supporting memorandum. Plaintiffs have raised a political question, both in their amended complaint and in Plaintiff Neuman's second amended complaint. The State Defendants will rely on their supporting memorandum to address why this Court lacks

---

[2] *See* Plaintiffs' Response to Motion to Dismiss (ECF Dkt. 149) at 23 (24 of 27).

subject matter jurisdiction over this proceeding because of the political question raised by Plaintiffs. (ECF Dkt. 145 at 9-10). So, too, will the State Defendants rely on the points raised in the supporting memorandum as to why the Eleventh Amendment bars suit here against the State Defendants. (*Id.* at 11-13).

Thus, while Plaintiffs concede that claims against some State Defendants should be dismissed, all claims against *all* State Defendants should be dismissed for the reasons given in the supporting memorandum (ECF Dkt. 145). This Court lacks subject matter jurisdiction over the claims raised, and it lacks personal jurisdiction over the State Defendants. All of them.

For these reasons, this Court should dismiss this action in its entirety, with prejudice.

DATED this 30th day of November 2018.

| | |
|---|---|
| ROBERT W. FERGUSON<br>  *Washington Attorney General* | LAWRENCE G. WASDEN<br>  *Idaho Attorney General*<br>STEVEN L. OLSEN<br>  *Chief of Civil Litigation* |
| s/ Jeffrey T. Even<br>JEFFREY T. EVEN, WSBA 20367<br>  *Deputy Solicitor General*<br>jeffe@atg.wa.gov | s/ Brian V. Church<br>BRIAN V. CHURCH, ISB 9391<br>  *Deputy Attorney General*<br>brian.church@ag.idaho.gov |
| Counsel for Defendants Governor Jay Inslee, Attorney General Robert W. Ferguson, Secretary of State Kim Wyman, the Washington State Senate, and the Washington State House or Representatives | Attorney for Defendants Governor C.L. "Butch" Otter, Attorney General Lawrence Wasden, Secretary of State Lawrence Denney, the Idaho State Senate, and the Idaho House of Representatives |

KEN PAXTON
  *Texas Attorney General*

s/ *Christine M.H. Smith*
CHRISTINE M.H. SMITH
  *Assistant Attorney General*
General Litigation Division
christine.smith@oag.texas.gov

Attorney for Defendants Governor Greg Abbott, Attorney General Ken Paxton, Secretary of State Rolando Pablos, the Texas State Senate, and the Texas State House of Representatives

STEVE MARSHALL
  *Attorney General of Alabama*

s/Winfield J. Sinclair
WINFIELD J. SINCLAIR
  *Assistant Attorney General*
wsinclair@ago.state.al.us

Counsel for Attorney General Steve Marshall and Secretary of State John H. Merrill

THOMAS J. MILLER
  *Attorney General of Iowa*

s/ Layne M. Lindebak
MAX MILLER
  *Assistant Attorney General*
layne.lindebak@iowa.gov

Counsel for Defendants Governor Terry Branstad; Attorney General Tom Miller, Secretary of State Paul D. Pate, the Iowa State Senate, and the Iowa State House of Representatives

LISA MADIGAN
  *Attorney General of Illinois*

s/ Sarah H. Newman
SARAH H. NEWMAN
  *Assistant Attorney General*
General Law Bureau
snewman@atg.state.il.us

Attorney for Defendant Lisa Madigan, Attorney General of Illinois

PETER F. KILMARTIN
  *Attorney General of Rhode Island*

s/ Michael W. Field
MICHAEL W. FIELD
  *Assistant Attorney General*
mfield@riag.ri.gov

Counsel for Defendants Governor Gina M. Raimondo, Attorney General Peter F. Kilmartin, Secretary of State Nellie M. Gorbea, the Rhode Island Senate, and the Rhode Island House of Representatives.

ALAN WILSON
  *Attorney General of South Carolina*

s/ J. Emory Smith, Jr.
J. EMORY SMITH, JR.
  *Deputy Solicitor General*
ESmith@scag.gov

Counsel for South Carolina Defendants Governor Henry McMaster, Attorney General Alan Wilson, Secretary of State Mark Hammond, South Carolina State Senate, and South Carolina State House of Representatives

DOUGLAS J. PETERSON
  *Attorney General of Nebraska*

*s/ Ryan S. Post*
RYAN S. POST
  *Assistant Attorneys General*
Ryan.Post@nebraska.gov

Counsel for Governor Pete Ricketts, Attorney General Doug Peterson, Secretary of State John A. Gale, and the Nebraska Legislature

MIKE DeWINE
  *Attorney General of Ohio*

*s/ Heather L. Buchanan*
HEATHER L. BUCHANAN
  *Senior Assistant Attorney General*
STEVEN T. VOIGT
  *Principal Assistant Attorney General*
heather.buchanan@ohioattorneygeneral.gov
steven.voigt@ohioattorneygeneral.gov

Counsel for Defendants Ohio Governor John Kasich, Ohio Attorney General Mike DeWine, Ohio Secretary of State of Ohio Jon Husted, the Ohio State Senate and the Ohio House of Representatives

ANDY BESHEAR
*Attorney General of Kentucky*

*s/ Shan J. Dutta*
SHAN J. DUTTA
  *Assistant Attorney General*
Shan.Dutta@ky.gov

Counsel for Andy Beshear, Kentucky Attorney General

THOMAS J. DONOVAN
  *Attorney General of Vermont*

*s/ Eleanor L.P. Spottswood*
ELEANOR L.P. SPOTTSWOOD
  *Assistant Attorney General*
eleanor.spottswood@vermont.gov

Counsel for Vermont Defendants: Governor Phil Scott, Secretary of State James Condos, Attorney General Thomas Donovan, the Vermont State House of Representatives, and the Vermont State Senate

BRAD D. SCHIMELL
  *Attorney General of Wisconsin*

*s/Steven C. Kilpatrick*
STEVEN C. KILPATRICK
  *Assistant Attorney General*
kilpatricksc@doj.state.wi.us

Counsel for are Governor Scott Walker, Attorney General Brad D. Schimel, Secretary of State Doug LaFollette, the Wisconsin State Senate and the Wisconsin State House of Representatives

MATTHEW G. BEVIN
  *Governor of Kentucky*

*s/ Matthew F. Kuhn*
MATTHEW F. KUHN,
  *Office of the Governor*
Matt.Kuhn@ky.gov

Counsel for Matthew G. Bevin, Governor of Kentucky

Ransdell Roach & Royse, PLLC

*s/ John C. Roach*
JOHN C. ROACH
  *Attorney at Law*
john@rrrfirm.com

Counsel for the Kentucky State Senate and House of Representatives


GEORGE JEPSEN
  *Attorney General of Connecticut*

*s/ Philip Miller*
PHILIP MILLER
  *Assistant Attorney*
phil.miller@ct.gov

Counsel for Governor Daniel P. Malloy, Attorney General George Jepsen, Secretary of State Denis W. Merrill, the Connecticut State Senate, and the Connecticut State House of Representatives


Office of the Secretary of State

*s/ Erica N. Galyon*
ERICA N. GALYON
  *Assistant Secretary of State*
Erica.Galyon@ky.gov

Counsel for Alison Lundergan Grimes, Kentucky Secretary of State


MARK R. HERRING
  *Attorney General of Virginia*

*s/ Samuel T. Towell*
SAMUEL T. TOWELL
  *Deputy Attorney General*
stowell@oag.state.va.us

Counsel for Governor Terence R. McAuliffe (now Ralph S. Northam), Secretary of the Commonwealth Kelly Thomasson, Attorney General Mark R. Herring, Senate of Virginia, and House of Delegates of Virginia

## CERTIFICATE OF SERVICE

I certify that on November 30, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which served the parties' attorneys via that system.

    /s/ Brian V. Church
    Brian V. Church
    Deputy Attorney General, State of Idaho