# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

EUGENE MARTIN LAVERGNE, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES HOUSE OF
REPRESENTATIVES, *et al.*,

    *Defendants*.

Civil Action No. 17-793-CKK-CP-RDM

## MEMORANDUM OPINION AND ORDER

Eugene Martin LaVergne ("LaVergne") originally brought this action along with four co-plaintiffs. LaVergne, however, faced a hurdle his co-plaintiffs did not: he had previously brought, litigated, and lost essentially the same case before the United States District Court for the District of New Jersey. *See LaVergne v. Bryson*, No. 11-7117, 2011 WL 13192893 (D.N.J. Dec. 16, 2011). Unsurprisingly, Defendants moved to dismiss LaVergne's claims on grounds of collateral estoppel. ECF No. 64; ECF No. 65. Agreeing that LaVergne's claims were barred as a matter of issue preclusion, this Court granted Defendants' motions and dismissed LaVergne from the case. ECF No. 127.

Not ready to concede, LaVergne now returns to this Court, arguing that the Court's order dismissing him from the action was "entered without authority or jurisdiction" and, accordingly, is "a nullity." ECF No. 133. The Court lacked jurisdiction, in his view, because it had previously denied without prejudice his motion for summary judgment, and he had appealed that denial to the United States Supreme Court, purportedly divesting this Court of jurisdiction. *Id.*

On that theory, he argues that the Court should vacate its prior order pursuant to Federal Rule of Civil Procedure 60(b)(4) and restore his claims. *Id.*

As explained below, LaVergne is incorrect that an interlocutory appeal of the denial of a motion for summary judgment—particularly a denial entered without prejudice and only for the purpose of managing the sequence in which the Court proposed to consider the parties' arguments—divests a district court of jurisdiction. The Court will, accordingly, **DENY** LaVergne's motion for reconsideration.

## I. BACKGROUND

LaVergne and his co-plaintiffs brought this action on April 28, 2017, ECF No. 1, and filed an amended complaint on May 9, 2017, ECF No. 4. The Court extended Plaintiffs' time to effect service until October 6, 2017 and set a telephonic status conference for October 20, 2017 "to set a schedule for proceedings in th[e] matter." ECF No. 38. As required by Court order, *see* ECF No. 44, Defendants filed a notice on October 19, 2017 identifying the dispositive motions that they intended to file before answering the amended complaint. ECF No. 45. Among those motions, Defendants indicated that they intended to move to dismiss "some or all of . . . LaVergne's claims based on" collateral estoppel. *Id.* Then, immediately prior to the scheduling conference, LaVergne (apparently without his co-plaintiffs) filed a motion for summary judgment. ECF No. 54.

After the telephonic status conference, Judge Kollar-Kotelly entered an order on behalf of the three-judge court addressing the efficient management of the case. ECF No. 51. That order directed that the Defendants file their motions to dismiss LaVergne's claims on grounds of collateral estoppel on or before November 13, 2017 and specified that Defendants could "file additional dispositive motions raising other grounds for dismissing Plaintiffs' complaint by no

2

later than 30 days after the Court issues an order resolving the collateral estoppel issue." *Id.* Moreover, in light of the discussion at the telephonic conference and the schedule that the Court set for threshold motions, Defendants requested that the Court "stay" their duty to respond to LaVergne's motion for summary judgment pending further order of the Court. ECF No. 60; ECF No. 61. Rather than stay Defendants' time to respond indefinitely, however, Judge Kollar-Kotelly entered an order on behalf of the three-judge court denying LaVergne's motion for summary judgment without prejudice "to it being refiled at a later date if and when th[e] case proceeds to a point where the Court considered the merits of Plaintiffs' claims." ECF No. 80.

Five months later, LaVergne filed a motion—while Defendants' motions to dismiss were still pending—seeking, among other things, to set aside the order that Judge Kollar-Kotelly entered denying without prejudice his summary judgment motion. ECF No. 123. On June 6, 2018, in an order signed by all three members of the three-judge court, the Court denied LaVergne's motion. ECF No. 124. As the Court explained, it denied LaVergne's summary judgment motion "without prejudice because, in an exercise of its discretion, the three-judge panel determined that it would be more efficient to consider that motion at a later stage of th[e] case after certain threshold, dispositive legal issues were resolved." *Id.* The Court further noted that, although the earlier order denying LaVergne's motion for summary judgment was issued by Judge Kollar-Kotelly, that order "represented the decision of the three-judge panel." *Id.* Five days later, LaVergne filed a "Notice of Direct Appeal to the United States Supreme Court," seeking review of the Court's June 6 order denying his request to set aside the order previously issued by Judge Kollar-Kotelly. ECF No. 126. LaVergne represents that he subsequently filed a Jurisdictional Statement with the Supreme Court, and he attaches to the pending motion a letter

3

from the Clerk of Supreme Court indicating that LaVergne's appeal was docketed on September 6, 2018. ECF No. 133-2.

The same day that LaVergne's appeal was docketed in the Supreme Court, this Court issued its decision granting Defendants' motions to dismiss LaVergne's claims on the ground of issue preclusion. ECF No. 127. On November 5, 2018, the Supreme Court entered an order dismissing LaVergne's appeal "for want of jurisdiction." ECF No. 153. That brings us to the issue currently before this Court: LaVergne's motion pursuant to Rule 60(b) to set aside this Court's order dismissing his claims, in which he argues that the Court lacked authority to issue that order while his Supreme Court appeal was pending. ECF No. 133-1.

## II. ANALYSIS

Under Federal Rule of Civil Procedure 60(b), a district court may "relieve a party or its legal representative from a final judgment, order, or proceeding" on one of six grounds. Fed. R. Civ. P. 60(b). Here, LaVergne relies on Rule 60(b)(4), which permits a court to "relieve a party" from an order or final judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4); *see also* ECF No. 133-1 at 8. Because the Court has not entered judgment in this matter—as to LaVergne or any other party, *see* Fed. R. Civ. P. 54(b)—Rule 60(b)(4) is inapplicable in the present context. The label assigned to LaVergne's motion, however, is of little consequence because the Court must in any event treat LaVergne's motion as though it was "filed under Rule 54(b)," *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015), which permits courts to reconsider interlocutory orders "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed. R. Civ. P. 54(b). Rule 54(b) "reflect[s] the 'inherent power of the rendering district court to afford such relief from interlocutory orders as justice requires.'" *Cobell*, 802 F.3d at 25 (quoting *Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22 (1st Cir. 1985)).

Although district courts have substantial discretion to decide whether reconsideration is warranted, the Court's obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, carries with it the obligation to ensure that there is good cause to reopen a matter once resolved, *see King v. U.S. Dep't of Justice*, 292 F. Supp. 3d 182, 188 (D.D.C. 2017). For present purposes, the Court is prepared to assume that, had it dismissed LaVergne's claims when it lacked jurisdiction to do so, good cause would exist to reconsider that decision. That assumption is immaterial, however, because LaVergne has failed to establish that this Court lacked jurisdiction.

As a general rule, "[t]he filing of a notice of appeal, including an interlocutory appeal, 'confers jurisdiction on the court of appeals [or Supreme Court] and divests the district court of control over those aspects of the case involved in the appeal.'" *United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). That rule, however, is subject to "a few narrow exceptions," including circumstances in which "the defendant frivolously appeals . . . or takes an interlocutory appeal from a non-appealable order." *Id.* (citations omitted); *see also Van Allen v. U.S. Dep't of Veterans Affairs*, 925 F. Supp. 2d 119, 122 n.1 (D.D.C. 2013); 21 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3950.5 (4th ed.) ("The weight of authority holds that an appeal from a clearly non-appealable order fails to oust district court authority.").

The order that LaVergne sought to appeal here was the denial, without prejudice, of his motion for summary judgment. As the Court made clear on multiple occasions, it did not reach the merits of LaVergne's motion but, rather, denied the motion as premature in light of the threshold legal defenses Defendants planned to assert. ECF No. 80; ECF No. 124. In doing so, the Court did not—by any stretch of the imagination—issue "an order granting or denying, after

5

notice and hearing, an interlocutory or permanent injunction." 28 U.S.C. § 1253. Indeed, *even if* the Court *had* decided LaVergne's motion for summary judgment on the merits, controlling Supreme Court precedent establishes that § 1253 must "be narrowly construed" and that the only "interlocutory orders [appealable] under § 1253" are "orders granting or denying a preliminary injunction." *Goldstein v. Cox*, 396 U.S. 472, 478 (1970). For that reason, the Supreme Court concluded in *Goldstein v. Cox* that it lacked appellate jurisdiction to review an order denying a motion for summary judgment. *Id.* at 475.

The same conclusion follows here, but with even greater force. As explained above, this Court never reached the merits of LaVergne's motion and, instead, merely concluded that the determination of threshold motions should come first. Nor can LaVergne plausibly contend that he sought and was denied a preliminary injunction. His motion was captioned "Motion for Summary Judgment;" it relied on Rule 56 (summary judgment) and made no mention of Rule 65(a) (preliminary injunctions); and it included no analysis of the preliminary injunction factors. ECF No. 54. Likewise, LaVergne's notice of appeal sought review of the Court's order purportedly denying his request for "Summary Judgment and Permanent Injunctive Relief on an Expedited Basis" and, once again, included no reference to any form of preliminary relief. ECF No. 125. And if any doubt remained, LaVergne's current motion for reconsideration asserts in bold, italicized, and underlined typeface that his motion sought "***final injunctive relief***." ECF 133-1 at 3. Under *Goldstein*, it is settled that a plaintiff may not invoke § 1253 to appeal the interlocutory denial of a claim for final injunctive relief. *Goldstein*, 396 U.S. at 478. LaVergne, in other words, attempted to take "an interlocutory appeal from a non-appealable order." *DeFries*, 129 F.3d at 1302. The Supreme Court apparently reached this same conclusion, and thus dismissed LaVergne's appeal "for want of jurisdiction." ECF No. 153.

6

It follows that this Court was never divested of jurisdiction and that, as a result, there is no basis to reconsider its decision dismissing LaVergne's claims. Any other conclusion, moreover, would invite confusion and inefficiency. As the Supreme Court explained in *Goldstein*, "[i]n the absence of clear and explicit authorization from Congress, piecemeal appellate review is not favored." 396 U.S. at 478. If LaVergne were correct and plaintiffs appearing before three-judge courts were free not only to appeal the denial of a premature motion for summary judgment but, by doing so, to divest the court of jurisdiction to resolve other motions, the orderly and timely resolution of such cases would be frustrated. On LaVergne's theory, he could repeatedly move for summary judgment and, in effect, suspend the progress of the litigation by filing a frivolous appeal each time the Court denied his motion, thereby forcing the Court to adopt his preferred case management plan over that adopted by the Court. Such a rule would subvert "the obligation of the courts 'to secure the just, speedy, and inexpensive determination of every action and proceeding,'" *King*, 292 F. Supp. 3d at 188 (quoting Fed. R. Civ. P. 1), by allowing plaintiffs to wrest control of case management from the Court. For good reason, that is not the law.

One final point bears mention. The preceding analysis turns on the premise that LaVergne improperly sought to appeal an interlocutory order denying his motion for summary judgment. Had LaVergne moved for a preliminary injunction instead, and had this Court denied that motion, LaVergne would have been entitled to appeal that decision pursuant to 28 U.S.C. § 1253. As explained above, he did not do so, and that resolves the issue. Yet, even if LaVergne had moved for a preliminary injunction, the Court had denied that motion, and LaVergne had appealed that decision, such an appeal still would not have divested this Court of jurisdiction to resolve unrelated matters, including Defendants' motions to dismiss LaVergne's claims on

7

grounds of issue preclusion.  Under long-settled doctrine, an appeal "from an interlocutory order involving a preliminary injunction does not divest the district court [of] jurisdiction to proceed with the merits of the case, absent a stay" from the appellate court.  *Jack's Canoes & Kayaks, LLC v. Nat'l Park Serv.*, 937 F. Supp. 2d 18, 26 (D.D.C. 2013) (citing *Ex parte National Enameling & Stamping Co.,* 201 U.S. 156, 162 (1906)); *see also Marconi Wireless Co. v. United States*, 320 U.S. 1, 47 (1943).  But, in any event, that is not what happened here.

In short, LaVergne is mistaken that his improper appeal of the Court's procedural denial of his motion for summary judgment divested the Court of jurisdiction.  Because that premise forms the backbone—and, indeed, the entirety—of his motion for reconsideration, his motion necessarily falls with the premise.

## CONCLUSION

For the foregoing reasons, LaVergne's motion to reconsider, ECF No. 133, is hereby **DENIED**.

**SO ORDERED**.

/s/ Cornelia T.L. Pillard
CORNELIA T.L. PILLARD
United States Court of Appeals Judge

/s/ Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  January 2, 2019