## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EUGENE MARTIN LAVERGNE, *et al.*,

       *Plaintiffs*,

   v.

UNITED STATES HOUSE OF
REPRESENTATIVES, *et al.*,

       *Defendants.*

Civil Action No. 17-793 (CKK-CP-RDM)

### MEMORANDUM OPINION AND ORDER

Eugene LaVergne, Frederick LaVergne, Leonard Marshall, Scott Neuman, and Allen Cannon sued a variety of state and federal defendants, claiming that a sufficient number of states ratified a version of a proposed constitutional amendment, Article the First, that would require the U.S. House of Representatives to include at least one representative for every 50,000 Americans. After dismissing Eugene LaVergne as precluded from litigating here issues he already litigated and lost in the District of New Jersey, ECF Nos. 127, 154, we dismissed the balance of the claims for lack of subject-matter jurisdiction, ECF No. 164.  We presume the reader's familiarity with those decisions.  The four plaintiffs who unsuccessfully opposed the Rule 12(b)(1) dismissal now move for reconsideration:  Frederick LaVergne, Scott Neuman, and Allen Cannon have moved for reconsideration and to amend the complaint, ECF No. 167, while Leonard Marshall has filed a *pro se* motion for reconsideration, ECF No. 168.  We already denied the identical *pro se* motion from Eugene LaVergne because he was not party to the judgment he sought to alter.  ECF No. 177.  As we explain below, neither of the other two motions provides a basis to reconsider the June 11, 2019 judgment.

As to their Article-the-First claims, Plaintiffs first contend that *Rucho v. Common Cause*, 139 S. Ct. 2484 (2019), constitutes "an 'intervening change of controlling law.'" *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam)).   Critically, however, they fail to identify anything in *Rucho* that pertains to the justiciability of the kinds of errors they claim occurred in the Article V constitutional amendment process regarding Article the First.   Additionally, Plaintiffs continue to dispute the precedential force of *Coleman v. Miller*, 307 U.S. 433 (1939), *but see Baker v. Carr*, 369 U.S. 186, 214 (1962) ("In *Coleman v. Miller*, *supra*, this Court held that the questions of how long a proposed amendment to the Federal Constitution remained open to ratification, and what effect a prior rejection had on subsequent ratification, were committed to congressional resolution and involved criteria of decision that necessarily escaped the judicial grasp.").   They also contest whether Article V originally required ten of thirteen states to ratify Article the First (versus nine, if "fractional numbers" were ignored, or rounded down rather than up to the nearest whole number, in calculating three fourths of the states ), *compare* Eugene Martin LaVergne, *How "Less" Is "More": The Story of the Real First Amendment to the United States Constitution* 348 (2016) (recounting that Thomas Jefferson stated in 1791 that ten of fourteen states sufficed to ratify a constitutional amendment), *with* Federalist No. 85, at 524 n.† (Alexander Hamilton) (Clinton Rossiter ed., 1961) (noting in 1788 that ten of thirteen states would need to ratify a proposed amendment).   Those contentions provide no basis for reconsideration because we expressly declined to reach those issues in holding that a scrivener's error in a proposed constitutional amendment is nonjusticiable.  *LaVergne v. U.S. House of Representatives*, 392 F. Supp. 3d 108, 118 (D.D.C. 2018).

Regarding what we did hold, Plaintiffs argue that application of the scrivener's error doctrine to the text of Article the First as Congress proposed it in 1789 for ratification by the several states is no more a political question than is that doctrine's application to federal legislation. Plaintiffs again point out that a court may correct legislative errors insofar as they are "the result of obvious mistake." *United States v. Palmer*, 854 F.3d 39, 52 (D.C. Cir. 2017) (quotation omitted); *see also U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 462 (1993). But the reviewability of products of the Article I, § 7 legislative process does not control here. Article V involves Congress and the states in "succeeding steps in a single endeavor"— Congress's "proposal" and states' "ratification" of constitutional amendments. *Dillon v. Gloss*, 256 U.S. 368, 374-75 (1921); *see also Leser v. Garnett*, 258 U.S. 130, 137 (1922); *Hawke v. Smith*, 253 U.S. 221, 227, 230 (1920). We held that it is not the function of courts to retrospectively insert ourselves midstream in a long-concluded Article V process to edit the proposed amendment states then considered—even if we were to conclude that the proposed text now, centuries later, appears to contain an "obvious" error. In short, Plaintiffs still fail to overcome Article V's "textually demonstrable constitutional commitment of the issue" of a proposed constitutional amendment's textual error to correction by the political branches. *Zivotofsky ex rel. Zivotofsky v. Clinton*, 566 U.S. 189, 195 (2012) (quoting *Baker*, 369 U.S. at 217). We thus adhere to our holding that their claims involve a nonjusticiable political question.

We are unpersuaded by Neuman's contention that *Department of Commerce v. New York*, 139 S. Ct. 2551 (2019), calls into question our holding that he lacks standing to challenge the federal apportionment statute, 2 U.S.C. § 2a. *See LaVergne*, 392 F. Supp. 3d at 118. He identifies no "clear error," *Leidos*, 881 F.3d at 217 (quoting *Firestone*, 76 F.3d at 1208), in our conclusion that neither the alleged loss of a congressional representative by "either New Jersey or

Louisiana"—it is not clear which—nor a smattering of generalized alleged harms suffices to plead standing.  Mot. for Leave to File 2d Am. Compl. at 14.

*       *       *

Accordingly, because Plaintiffs fail to provide a basis for us to reconsider the June 11, 2019, judgment, we deny the motions for reconsideration filed on behalf of Frederick LaVergne, Scott Neuman, and Allen Cannon, ECF No. 167, and by Leonard Marshall, ECF No. 168. Frederick LaVergne, Scott Neuman, and Allen Cannon also request leave to amend their pleadings, ECF No. 167, but because they have identified no facts that would cure the defects identified in the prior order, their request is denied.

*So ordered.*

  /s/ Cornelia T.L. Pillard
CORNELIA T.L. PILLARD
United States Court of Appeals Judge

  /s/ Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge

  /s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:   October 21, 2019

4